## MUSSER v. THIRD DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 6728.  Decided June 20, 1944.  (148 P. 2d 802.)

*Knox Patterson, Claude T. Barnes*, and *J. H. McKnight*, all of Salt Lake City, for plaintiff.

*Brigham E. Roberts, Dist. Atty.*, of Salt Lake City, and *Grover A. Giles*, Atty. Gen., for defendant.

PER CURIAM.

Plaintiffs applied to this court for a writ of mandamus directed to defendant. We issued an alternative writ to which return is made. From the petition it appears that petitioners are defendants in a criminal action brought by the State of Utah, for the crime of conspiracy in violation of Sec. 103-11-1, U. C. A. 1943, now pending in the District Court of Salt Lake County and assigned for trial before respondent judge, the Honorable Ray Van Cott; that petitioners had challenged the right of the respondent judge to preside at said trial and to hear and determine the matters therein involved; that respondent had disallowed such challenge and has refused to disqualify himself because he concluded that he entertained no bias; that respondent is disqualified to sit as trial judge in said criminal action and to hear and determine the matters involved therein for the following reasons: (1) that in said criminal action petitioners, as defendants, are charged with having committed "acts injurious to public morals" and to have conspired together "to advocate, promote, encourage, urge, teach, counsel, advise and practice polygamous or plural marriage," and "the cohabiting of one male person with more than one woman." It is alleged that such prosecution was brought about by the prosecuting officers of the State of Utah as a result of the instigation and encouragement of the officers of the Church of Jesus Christ of Latter Day Saints who are opposed to the petitioners and their religious beliefs and practices; that respondent judge, the Hon. Ray Van Cott, Jr., is a member of such church and as such would, because of his knowledge of the desire and efforts of the officers of said church to suppress said beliefs and practices, be influenced and prejudiced against petitioners so they could not have a fair trial, because said church had condemned the practice of plural marriage; (2) that the aforesaid criminal action had been commenced and initiated as a legal proceeding by the office of the County Attorney of Salt Lake County, and that before his appointment as Judge of the District

Court, respondent had been a deputy in the said County Attorney's office and while the said respondent judge was in said office as deputy the investigation of the beliefs and practices of said petitioners was being conducted by the said County Attorney's office; (3) that respondent had sat as presiding trial judge in another criminal action for unlawful cohabitation in which a jury was waived and the cause submitted to the court upon stipulated facts, and respondent judge had held the defendants therein (petitioners here) guilty, and that the evidence which it was then stipulated would be adduced would appear as part of the evidence in the conspiracy case now pending and that the respondent judge, by reason of his formerly considering such evidence in such action for unlawful cohabitation, has concluded in regard thereto and would in that regard and to that extent have prejudged the pending case.

Grounds (1) and (3) are not included withing the statutory disqualification of a judge. Ground (2) set out above we thought might have stated a statutory ground for disqualification and for that reason we issued the alternative writ. Sec. 20-6-1(3), U. C. A. 1943. We note the grounds seriatum:

(1) Since this ground—the religious beliefs and affiliations of the judge—does not come within those fixed by the statute we must inquire as to whether there is a showing of bias and prejudice, a state of mind on the part of respondent which would prevent him from giving petitioners a fair and impartial trial. There is nothing in the affidavits set forth in connection with the motion before the District Court or here which reveals the state of mind of the judge or from which this court could determine such matters. It is for that reason that such ground is addressed to the discretion of the trial judge and he determines it the same as any other matter which comes before him. Sec. 20-4-30, U. C. A. 1943; 33 C. J. 1037; 30 Am. Jur. 797. Respondent having determined that his mind was clear and free of any feelings and prejudice and that he was not

and would not be influenced by any such matters as are urged by petitioners, his judgment cannot be disturbed by us.

(2) In response to the alternative writ, respondent filed an affidavit by the County Attorney showing that neither the matter of the charges against petitioners, nor the practice of plural marriage had been brought officially ■ to the attention of the County Attorney's office, nor was it under investigation therein until after respondent severed his connection with such office and had assumed his position as District Judge. Such affidavits are not controverted. This contention therefore must also fail.

(3) As to the ground (3) above set out: The fact that a judge has heard evidence in one case and made conclusions therefrom and in a later case is confronted with that same evidence together with additional evidence from the totality of which evidence he must conclude ultimate ■ facts does not disqualify him from hearing the later case even though the parties may be the same in the two cases. It may be admitted that it would be better that a fresh mind sit on the latter case. However, the evidence in the unlawful cohabitation cases in which the defendants were found guilty was presented by way of stipulation which set out a statement of what the state's testimony would be. After those stipulations were introduced for each defendant, the defendants rested and offered no testimony. The testimony was very brief and stated in regard to each defendant that he "did cohabit with more than one person of the opposite sex [naming them] and that said association was based on the belief of the said defendant and the said women in the divinity of the doctrine and covenants of the Church of Jesus Christ of Latter Day Saints (exclusive of the Manifesto)." It was further stipulated "that no testimony was offered concerning sexual intercourse of the defendant with said women." It is apparent from the recitation of the evidence which the parties stipulated the state would introduce that the judge could only conclude therefrom as to the ultimate fact of guilt or innocence under the statute prohibiting unlawful cohabitation. The evidence of conspiracy to advise

and practice polygamous or plural marriages will neces-
sarily be new and different evidence not heretofore heard
by the respondent judge in the charge of unlawful cohabita-
tion and will present an entirely different issue. His con-
clusion of guilt from the stipulated evidence in the unlawful
cohabitation case can in no way be material in the issue as
to whether the parties conspired to "advocate, promote, en-
courage, urge, teach, counsel, advise and practice polygam-
ous or plural marriage or to advocate, promote, encourage,
urge, counsel, advise and practice the cohabiting of one
male person with more than one woman." Moreover, of the
twelve acts set out in the conspiracy charge as overt acts
only item 6 corresponds with the stipulated evidence intro-
duced by the state in the unlawful cohabitation charge. It
reads: "That said defendants in Salt Lake County, State
of Utah, between June 1, 1940, and March 1, 1944, did
practice unlawful cohabitation, to wit, the living of one male
person with more than one woman or did aid and abet there-
in." The evidence to establish overt act No. 6 as far as those
defendants which are common in both the unlawful cohabita-
tion and the conspiracy charge would be expected to be the
same. If it was stipulated that the state would introduce
such evidence in the former trial and no counter-evidence
was introduced by the defendants, it could hardly be con-
tended that the trial judge was prejudiced in having believed
uncontroverted testimony; nor do the proponents of the peti-
tion for writ of mandamus urge otherwise. Since the ulti-
mate conclusion in this case from such fact in effect admitted
in the other case, together with other facts which are to be
introduced to prove the conspiracy, will be entirely different
than was the conclusion in the unlawful cohabitation case,
we do not see that the contention that the trial judge should
not sit because he has prejudged the pending conspiracy
case is well taken.

The alternative writ is recalled and the petition for a per-
manent writ of mandate is denied.