# HASLAM v. MORRISON, District Judge.

No. 7019.   Decided March 5, 1948.   (190 P. 2d 520.)

See 48 C. J. S., Judges, sec. 82. Disqualification of judge in pending case as subject to revocation or removal, see note, 162 A. L. R. 641. See, also, 30 Am. Jur. 767.

*Leon Fonnesbeck,* of Logan, for plaintiff.

*Grover A. Giles,* Atty. Gen., and *Zar E. Hayes* and *Calvin L. Rampton,* Asst. Attys. Gen., for defendant.

WOLFE, Justice.

Original alternative writ of mandamus issued out of this court.

On December 23, 1946, the petitioner, Henry M. Haslam, filed in this court his verified application for a writ of mandate. He alleged that there was then pending in the First District Court, in and for Cache County, before the respondent Marriner M. Morrison, District Judge, an action for false imprisonment in which petitioner was plaintiff and Charles B. Leatham et al. were defendants; that the action was at issue and had been set for trial on January 7, 1947; that petititoner had filed in that case an affidavit of bias and prejudice against the respondent judge. The affidavit was set forth in haec verba and stated substantially that petitioner verily believed that he could not obtain a fair and impartial trial before respondent judge for the reason that the judge was biased and prejudiced against petitioner; that petitioner was an old man 72 years of age; that in a prior trial before respondent judge, he (the judge) had made arbitrary rulings against petitioner, and rudely interrupted and stopped petitioner while he was testifying, which tended to get petitioner confused and upset; that at the conclusion of the trial, respondent

"judge deliberately announced and stated in open court, in summing up the evidence, that he 'just didn't believe the testimony of affiant,' nor apparently his wife, and he arbitrarily rendered judgment against affiant in said cause,"

that petitioner and his wife felt that respondent judge

"by his rulings and interruptions, and particularly by his statement at the close of said trial, clearly showed that he was biased and prejudiced against affiant and accused them of giving false and perjured testimony * * *";

that petitioner's wife was an indispensable witness and refused to come and testify at the trial if it were tried before respondent judge. Petitioner then alleged that respondent judge ignored the affidavit; that thereafter petitioner filed a motion that another district judge, not disqualified, be called in to try the case, and that counsel for defendants did not resist the motion; and that the motion was denied.

Petitioner then alleged that he had no plain, speedy and adequate remedy in the ordinary course of law, and prayed that an alternative writ of mandate be issued, directing respondent to grant petitioner's motion that another district judge, not disqualified, be called in to try the cause.

Pursuant to petitioner's application, an alternative writ issued as prayed for, with a return date of December 31, 1946.

On December 30, 1946, respondent filed a general demurrer to the application for a writ of mandate.

A number of procedural questions have been raised or suggested in the briefs of respective counsel. A determination of those questions could not affect the result of this case, and since the circumstances under which these questions arose are not apt to recur, we think no useful purpose could be subserved by entering into a discussion of them. We proceed directly, therefore, to consideration of the substantive issues upon which this case must be determined.

Three main questions are raised by this proceeding:

(1)    Is actual bias and prejudice on the part of a judge a ground for disqualification?

(2)    Assuming an affirmative answer to the first question, does the mere filing of an affidavit of bias and prejudice disqualify a judge?

(3)    Where an affidavit of bias and prejudice is filed, should this court, by writ of mandate, compel the trial judge to disqualify himself?

The questions will be considered in the order stated.

The only grounds of disqualification of a judge expressly provided by our Constitution and statutes are:

(1)    Connection with either of the parties by consanguinity or affinity within the degree of first cousin.

(2)    Having been attorney or counsel for either party.

(3)    Having presided at the trial of the same cause in any inferior court.

(4)    Being a party to, or interested in, the suit. Constitution of Utah, Article VIII, Sec. 13, and Sec. 20-6-1, U. C. A. 1943.

It was held in *Re Thompson's Estate*, 72 Utah 17, 86, 269 P. 103, 127, that the section of the Constitution above cited did not define nor prescribe the term "disqualification." In the recent case of *Musser* v. *Third Judicial District Court of Salt Lake County*, 106 Utah 373, 148 P. 2d ■ 802, we held that a motion, supported by affidavits, seeking to disqualify a trial judge under this section on the ground of bias and prejudice was addressed to the sound discretion of the trial judge, he to determine it the same as any other matter which came before him. The implied holding of the *Musser* case is that actual bias and prejudice on the part of the trial judge for or against any litigant will disqualify him, but the existence of bias and prejudice is a question addressed to the sound discretion of the judge against whom the affidavit is filed. We reaffirm that.

It may be noted here, parenthetically, that the decision in the *Musser* case was based partially on Section 20-4-30, U. C. A. 1943, providing for change of judge in the discretion of the court, in case of bias and prejudice. That statute is applicable to city courts only, and hence was not controlling in the *Musser* case. But although the statute relied upon did not support the decision, the rule there laid down was correct and is reaffirmed here. Actual bias and prejudice on the part of a judge disqualifies him.

Turning now to the second question: It has been held that an affidavit stating that the resident judge was biased and prejudiced does not show disqualification. *Cox* v. *Dixie Power Co.*, 72 Utah 236, 269 P. 1000. And as heretofore noted, it was held in the *Musser* case that a ■ motion to call in another judge, supported by affidavits of bias and prejudice, raises a question to be determined by the trial court the same as any other matter coming before him. The mere filing of an affidavit of bias and prejudice does not ipso facto disqualify a judge. He is disqualified only if he is actually biased and prejudiced and that is a matter to be determined by him in the first instance, subject, of course, to review by this court on appeal.

Bias and prejudice mean a hostile feeling or spirit of ill will toward one of the litigants, or undue friendship or favoritism toward one. The fact that a judge may have an opinion as to the merits of the cause or that he has strong feelings about the type of litigation involved, ■ does not make him biased or prejudiced. For example, a judge with strong feelings about the use of liquor or violation of the liquor laws, is not biased against a defendant charged with a violation of the liquor laws, unless he has some active personal hostility toward the defendant. See *State ex rel. Nowakowski* v. *Lockridge,* 6 Okl. Cr. 216, 118 P. 152, 45 L. R. A., N. S., 525, Ann. Cas. 1913C, 251; *Fulton* v. *Longshore,* 156 Ala. 611, 46 So. 989, 19 L. R. A., N. S., 602; *Hudspeth* v. *State,* 188 Ark. 323, 67 S. W. 2d 191; *Rush* v. *Denhardt,* 138 Ky. 238, 127 S. W. 785, Ann. Cas. 1912A, 1199.

The general practice in this jurisdiction has been for judges to disqualify themselves whenever an affidavit of bias and prejudice against them has been filed. As a general rule, we think this as a commendable practice. The purity and integrity of the judicial process ought to ■ be protected against any taint of suspicion to the end that the public and litigants may have the highest confidence in the integrity and fairness of the courts. This is not to say that the mere filing of an affidavit of bias and prejudice, ipso facto casts such suspicion on the judge, and upon his integrity and fairness, that he ought to disqualify himself. However, it is ordinarily better for a judge to disqualify himself even though he may be entirely free of bias and prejudice if either litigant files an affidavit of bias and prejudice.

"Next in importance to the duty of rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness or integrity of the judge."

*Crook* v. *Newberg & Son,* 124 Ala. 479, 27 So. 432, 433, 82 Am. St. Rep. 190; 30 Am. Jur. 767, Judges, Sec. 53.

Moreover, if the judge concludes that the affiant is sincere in his belief that he, the judge is biased against him, it ordinarily is well for such judge not to try the case for the very reason that he may unconsciously lean toward such litigant to demonstrate that he is not biased toward him. And unless the judge is entirely insensitive to criticism and a revealed state of a litigant's mind, he may be rendering his judgment from a mind not entirely free from emotion.

But where the judge has reason to believe that the affidavit is not filed in good faith, and that an attempt is being made to drive him from the bench for purposes of delay or other ulterior or improper motives, then it is the judge's duty to hear and determine the matter, even though it may entail considerable personal embarrassment. See *Cashin et ux.* v. *Murphy,* 138 Miss. 853, 103 So. 787; *McGuire* v. *Blount,* 199 U. S. 142, 26 S. Ct. 1, 50 L. Ed. 125; *State ex rel. Palmer et al.* v. *Atkinson,* 116 Fla. 366, 156 So. 726, on rehearing 156 So. 729, 96 A. L. R. 539; *Moses* v. *Julian,* 45 N. H. 52, 84 Am. Dec. 114.

We come now to the third question. It is the general rule, of course, that mandamus will not lie to compel the performance of an act which is discretionary. The act sought to be compelled to be performed must be purely ministerial in character—one specially enjoined as a duty resulting from an office. Sec. 104-68-2, U. C. A. 1943; *Hoffman* v. *Lewis,* 31 Utah 179, 87 P. 167; *Mammoth City* v. *Snow,* 69 Utah 204, 253 P. 680. Petitioner must show a clear right to performance of the thing demanded, and that a corresponding duty rests upon the officer to perform that particular thing. The cases emphasize that both the right of petitioner and the duty of respondent must be clear. If there is doubt as to either, the writ will be denied. *State* v. *Morehouse,* 38 Utah 234, 112 P. 169; *Ketchum Coal Co.* v. *District Court of Carbon County,* 48 Utah 342, 350, 159 P. 737, 4 A. L. R. 619; *Woodcock* v. *Board of Education of Salt Lake City,* 55 Utah 458, 187 P. 181, 10 A. L. R. 181; *Towler* v. *Warenski,* 59 Utah 171, 202 P. 374; *Mammoth City* v.

*Snow,* supra; 34 Am. Jur. 851, 853, Mandamus, Secs. 62. and 63.

Can it be said that the proceedings before us show a clear duty on the part of respondent judge to disqualify himself, and an equally clear right on the part of the petitioner to have a new judge called in?

Petitioner earnestly contends that respondent's demurrer admits all facts well pleaded, and that the judge thereby admits his bias and prejudice, and therefore has the clear duty to disqualify himself and call in another judge. It is true, of course, that a demurrer admits the truth of all facts well pleaded for purposes of the demurrer. But an examination of the petition reveals no allegation of bias and prejudice. What was alleged was that an affidavit of bias and prejudice was filed; that the affidavit was ignored by the trial court; that thereafter a motion to call in another judge was made; and that such motion was denied by defendant judge. While the demurrer admits that an affidavit of bias and prejudice was filed, it does not admit the truth of the statements in the affidavit. All that is alleged in the petition, and therefore all that is admitted by the demurrer is that an affidavit and motion were filed, and that they were ruled on by respondent judge adversely to petitioner. In the absence of any showing that respondent judge acted arbitrarily or capriciously or unreasonably, and in the absence of any evidence establishing as a matter of law bias and prejudice on the part of the trial judge, we cannot say that petitioner has shown a clear right to the relief prayed for.

Even if we were to assume that the demurrer admitted not only the filing of the affidavit but the truth of the statements therein contained, there is grave doubt that bias and prejudice on the part of respondent judge would be shown. It is not necessary here to decide, nor to express an opinion, as to whether or not an affidavit merely alleging bias and prejudice, without any allegation as to the facts out of which the bias and prejudice arises, is sufficient. But where, as here, the facts relied upon to show

that bias and prejudice exists are pleaded, the conclusion of bias or prejudice must be fairly inferable from the basic facts alleged. We see nothing in the allegations from which bias or prejudice against the petitioner can be inferred. What a litigant may conclude is arbitrariness by the judge is not a ground from which to infer bias. Arbitrariness is action or ruling not based on reasonable grounds and usually occurs without personal bias against a litigant or his cause. Of course, arbitrariness surrounded by other circumstances may show bias.

Assuming the truth of the allegation that the judge rudely interrupted Haslam while he was testifying, and confused and upset him, we fail to see how that shows bias. Some witnesses are more tender than others in their sensibilities. The judge should, of course, take into consideration the age and intelligence of witnesses in his manner of handling them. But we must keep in mind that judges need not sit as sphinxes on the bench nor should they be mere umpires. They should, to a certain extent, guide the course of the trial and when a witness is wandering or digressing, tactfully bring him back into line.

The fact that a judge on summation states that he does not believe a witness or states that he considers testimony erratic or incomprehensible does not show bias. Similar remarks have been made thousands of times by English and American judges and they are quite in order if the judge desires to state his reasons for coming to a certan conclusion. We do not see that a new judge should be called in because a witness feels hurt at what a judge said at a previous trial.

The proceedings before us fail to show a clear right in favor of petitioner nor a clear duty upon respondent judge. It follows that the alternative writ is recalled and the peremptory writ denied.

McDONOUGH, C. J., and LATIMER, J., concur.

PRATT, Justice (concurring).

I limit my concurrence to that part of the answer to question three which in effect holds that the petition presented to us for the writ is insufficient in allegations to entitle applicant to the relief he seeks. As stated in the prevailing opinion

"All that is alleged in the petition, and therefore all that is admitted by the demurrer is that an affidavit and motion were filed, and that they were ruled on."

Nothing is alleged indicating any arbitrary, capricious, or unreasonable action on the part of the trial judge in making his ruling upon the motion (and affidavit, as the motion was founded on the affidavit). Without such a charge, we must assume that in all respects the judge's ruling was regular and such as was contemplated by such form of procedure.

WADE, Justice (concurring).

I concur with the result on the grounds herein stated. I agree that bias and prejudice is a ground for the disqualification of a judge but that the mere filing of an affidavit thereof in the district courts of this state is not sufficient to disqualify him, but that the judge, if he refuses to disqualify himself, must in the first instance pass on his own disqualification the same as he would in any other case. I also agree that without a direct allegation in the application for a writ of mandate in a case of this kind that the judge is biased and prejudiced a mere allegation to the effect that such an affidavit has been filed is not sufficient to raise that issue, and that a demurrer to such an application does not admit that the judge is biased and prejudiced, but only admits that such an affidavit has been filed, and therefore the demurrer in this case was well taken.

For a judge to have to pass on the question of his own bias and prejudice is in my opinion a very undesirable situation. In our own justices' courts, the mere filing of the

affidavit is sufficient to disqualify. See Section 104-71-3, U. C. A. 1943, for civil cases; Section 105-15-4, U. C. A. 1943, for preliminary hearings; and Section 105-57-12, U. C. A. 1943, for criminal trials. The same is true of the trial judges in all federal courts and of the judges of the courts of many of the states. See Fed. Jud. Code, § 21, 28 U. S. C. A. § 25, and 30 Am. Jur. 784.

If the judge is not biased and prejudiced, there does not seem to be any good reason why, if a litigant in his court believes he is, that he should not get another judge to try the case since the result of the litigation should be the same in both cases. In this state, a change of judge in a particular case can be readily arranged without inconvenience either to the court or the litigants. If he is biased and prejudiced he will be tempted to hold falsely that he is not, and refuse to get another judge so that he can vent his spleen on the litigant against whom he is prejudiced. That a judge should never have the opportunity to refuse to get another judge because he wishes to get his revenge against a litigant in his court is certainly a result to be devoutly wished for. Even though the judge is entirely free from bias and prejudice where he refuses to make the change the party making the application therefor will very likely always believe that in making such ruling he had ulterior motives.

One of the most important things in government is that all persons subject to its jurisdiction shall always be able to obtain a fair and impartial trial in all matters of litigation in its courts. It is nearly as important that the people have absolute confidence in the integrity of the courts. I can think of nothing that would as surely bring the courts into disrepute as for a judge to insist on trying a case where one of the litigants believes that such judge is biased and prejudiced against him. This is especially true where the judge in a previous case has made remarks which indicated that he questioned the veracity or integrity of such litigant. I therefore believe that in such a case it would be very desirable for the judge to disqualify himself whether he was in fact biased and prejudiced against such party or not.

This is true also for the reasons pointed out in the prevailing opinion that where the judge knows that one of the parties does not have confidence in his fairness he will be apt to either be unfair to the opposing party in an effort to demonstrate his fairness to the party complaining or he will resent the accusation and for that reason be unable to treat both parties fairly.

Few cases have come to the attention of this court where a district judge has refused to make a transfer upon application of a litigant. That is due largely to what I think is an almost universal practice in this state for district judges to get another judge even on the mere suggestion of a party to a litigation that the judge was biased or prejudiced. This I consider a highly desirable practice and I believe that such a practice has a very strong tendency to forestall and prevent any desire on the part of litigants to ask for a change of judge in bad faith.