**CHAVARRIA v. MACIAS et al.**

No. 12438.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 8, 1952.

Rehearing Denied Nov. 12, 1952.

S. D. Hopkins, San Antonio, for appellants.

Bobbitt, Brite & Bobbitt, and Guy Bonham, San Antonio, for appellees.

POPE, Justice.

This case concerns the power of a district court to enter a nunc pro tunc judgment after term-time, whether the trial judge was disqualified from entering such a judgment, and whether the court in re-

fusing certain requested findings of fact and conclusions of law committed reversible error.

This cause was tried before the District Court for the 57th Judicial District, without the intervention of a jury, and was heard on October 11, 1951. After the trial the judge presiding announced with care and in detail his conclusions about each issue in the case, insofar as they affected the rights of plaintiffs, defendants and certain interveners. Counsel for appellants questioned the court with reference to other details and the court directly and positively answered the inquiries. At that point the court had ruled on and announced the rights of all the parties on all the issues. The record nowhere indicates any further proceedings until January 7, 1952, one day after the term of court expired. On that date, the court signed a judgment embodying all of the rulings made on October 11, and appellants promptly objected to it on the grounds that it contained no notice of appeal, and because the term of court had expired. Recognizing this, the court recovered the unentered judgment from the district clerk, and asked the attorney for appellees to retype the judgment and include appellants' notice of appeal, and also told him to submit the rewritten judgment with a motion to enter judgment nunc pro tunc. The motion was prepared and filed, and notice was given to all parties, who appeared before the court. After hearing, the motion to enter judgment nunc pro tunc was granted, and the judgment was signed and entered.

■ The court had the power to enter the judgment nunc pro tunc. The court on October 11th announced its rulings on all issues and parties and rendered the judgment. The remaining act of signing and entering the nunc pro tunc judgment, though after term time, was in accord with the settled law of the State. Williams v. Wyrick, Tex.Sup., 245 S.W.2d 961; Gulf C. & S. F. Ry. v. Canty, 115 Tex. 537, 285 S.W. 296, 302; Wright v. Longhorn Drilling Corp., Tex.Civ.App., 202 S.W.2d 285.

■ We do not follow appellants' logic. They urge that the court was powerless to enter a judgment after term time without a motion to enter it nunc pro tunc. They urge that the court first endeavored to enter it without such a motion, and having done so is powerless to withdraw it. They then reason that there are two judgments in this case, the one the court withdrew and the one that was entered on motion to enter judgment nunc pro tunc. The judgment that was retrieved from the clerk's office before entry was either valid, voidable, or void. If it was valid on January 7, 1952, it was because the court possessed the power to enter it. If he possessed that power on that day, he possessed also the power to withdraw it on the same day. If the judgment was voidable, then the appellants have perfected no appeal from it. If the judgment was void, then it was only a brutum fulmen that could in no way interfere with the correct entry of the judgment. Wichita Falls R. & Ft. W. R. Co. v. Combs, 115 Tex. 405, 283 S.W. 135; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Trammell v. Trammell, 25 Tex.Supp. 261; Burr v. Lewis, 6 Tex. 76. In either event, the appellants would lose.

Appellants' point that the judge was disqualified to pass on the motion to enter judgment nunc pro tunc is based on the fact that the judge was in possession of facts about the occurrences which would make him a necessary witness and also on the fact that the judge called on appellees' attorney to rewrite the judgment and to prepare a proper motion to enter it. The judge told appellants' counsel that he possessed that power and appellants regard that as a disqualifying prejudgment of the issue.

■ There is no merit to this point. A judge is not disqualified by reason of his knowledge of the happenings in the proceedings, and in the instant case no harm could arise, for those occurrences are undisputed by anyone. Moreover, the recollection of the judge has often been relied upon. Ft. Worth & D. C. R. Co. v. Roberts, 98 Tex. 42, 81 S.W. 25; Parnell v. Barron, Tex.Civ.App., 261 S.W. 529.

■ After a judge tries a cause and announces his decision, it is a part of his judicial responsibility to enter a judgment and to do it correctly. When objection was

made to his power to enter judgment, he took the steps necessary to enter it properly. These occurrences happened in the presence of appellants' counsel, and no one disputes what happened. In a discussion with appellants' counsel, on the power of a judge to enter judgment, we think the judge quite properly stated his understanding of the law on that matter then before him. Judgment had already been pronounced during term time when he stated his conclusions about every dispute and the rights of all parties. While a judicious silence is an asset to the bench, a judge is not required to be a speechless, mechanical robot who can speak and function only if and when someone pulls the right lever. A judge runs a court, and when, as here, he can enter a judgment that will avoid a retrial and a needless waste of time; his duty is to enter that judgment. When a judge expresses an opinion about the law that controls the legal problem then before him, there is no disqualification. We are not prepared to hold that knowledge of the law disqualifies a judge. See Haslam v. Morrison, 113 Utah 14, 190 P.2d 520.

The court in refusing the additional requests for findings and conclusions committed no reversible error. The court made findings and conclusions in support of the merits of the case, and the additional requests had reference to the proceedings and discussions after term time in connection with the entry of the judgment. Those requests were refused. The record of the proceedings at the hearing on the motion for judgment nunc pro tunc is before us and it has been examined. We do not see how the appellants have been prejudiced. If every finding of fact requested had been granted, the result would be the same. Those requested findings are undisputed by any one and are the facts found and stated in this opinion as reflected in the record. Those facts do not support the view taken by the appellants and the court did them no harm in refusing those findings. Wentz v. Hancock, Tex.Civ.App., 236 S.W. 2d 175; Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117.

The judgment is affirmed.