IN RE DISQUALIFICATION OF AURELIUS.

BROWNIE ET AL. *v.* ALUMINUM SMELTING & REFINING COMPANY.

[Cite as *In re Disqualification of Aurelius* (1996), 77 Ohio St.3d 1254.]

(No. 96–AP–123—Decided October 28, 1996.)

MOYER, C.J. Affiant is counsel for plaintiffs Edward Brownie et al. in a civil action assigned to Judge William E. Aurelius of the Cuyahoga County Court of Common Pleas. The underlying case has been pending before Judge Aurelius

since June 1985 and affiant now seeks the judge's disqualification from the case. Affiant advances four contentions in support of the affidavit of disqualification:

- The judge has refused to follow the law and the mandates of the court of appeals with respect to his order of sanctions against the affiant's clients;

- The judge has engaged in *ex parte* contact on three occasions with counsel for the defendant;

- The judge dismissed the case with prejudice at the request of the defendant without allowing the plaintiffs to respond in opposition to the request;

- The judge has prejudged the merits of the case.

Disagreement or dissatisfaction with the legal rulings of a judge, even if those rulings are reversed on appeal, do not constitute bias or prejudice and are not grounds for the judge's disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459. Many of affiant's contentions in support of the claim of bias and prejudice relate to legal rulings made by Judge Aurelius in this case. These rulings, including the order of dismissal with prejudice and the order of monetary sanctions against plaintiffs, have been reviewed on two occasions by the court of appeals, which reversed a portion of the judge's rulings based on application of the law. The record fails to support affiant's contention that these rulings are the product of bias or prejudice on the part of Judge Aurelius.

Affiant uses time records submitted by counsel for the defendant in support of her contention that the judge engaged in *ex parte* communications between the judge and counsel for the defendant. Affiant speculates that these communications related to substantive matters in the case, but fails to substantiate that claim. Both Judge Aurelius and counsel for the defendant indicate that the communications related to scheduling matters and the content of entries that counsel was asked to prepare following the judge's decisions. Communications of this type are permitted by Canon 3A(4) of the Code of Judicial Conduct, which provides, in part that "[n]othing contained [in Canon 3A] shall preclude a judge from non-substantive *ex parte* communications on procedural matters and matters affecting the prompt disposal of the business of the court."

As noted previously, this case has been pending for more than eleven years. Until now, at no time during the pendency of the case have affiant, other former counsel for the plaintiffs, or the plaintiffs alleged that Judge Aurelius' actions were the product of bias or prejudice. Generally, an affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias or prejudice occurred, or a party will be considered to have waived its objection to the judge when the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time. See *In re*

1256

*Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298. The instances cited by affiant in support of the claim of bias and prejudice occurred as many as eight years ago. While affiant contends that this is the first opportunity to raise the issue of Judge Aurelius' disqualification since the remand of the case following the second appeal, the record indicates that plaintiffs have had ample opportunity in more than eleven years of protracted litigation to raise the issues that were raised in this affidavit of disqualification.

For these reasons, the affidavit of disqualification is found not well taken and is denied.