[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1226.]

IN RE DISQUALIFICATION OF O'FARRELL.

MCCARTY ET AL. *v*. ASHCRAFT ET AL.

[Cite as *In re Disqualification of O'Farrell*, 2001-Ohio-4098.]

*Judges—Affidavit of disqualification—Judge who participated in ex parte communication is not disqualified when conversation was initiated by defense counsel and addressed only procedural matters related to an upcoming hearing—No bias or prejudice shown.*

(No. 01-AP-019—Decided March 12, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Tuscarawas County Court of Common Pleas case No. 2001CV010031.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by John and Robert McCarty seeks the disqualification of Judge Edward O'Farrell from further proceedings regarding the above-captioned case, *Rob McCarty et al. v. Mark Ashcraft et al.*

{¶ 2} Affiants claim that Judge O'Farrell should be disqualified from the underlying case because he engaged in an ex parte conversation on November 22, 2000, with defense counsel. They further assert that this conversation addressed substantive matters in the underlying case and resulted in the judge's December 5, 2000 decision in which affiants' motion for summary judgment was overruled.

{¶ 3} Where a party seeks the disqualification of a judge based on allegations that the judge engaged in an ex parte communication, the question is whether the alleged communication demonstrates a bias and prejudice on the part of the judge. To satisfy this test, the communications must have been initiated by the judge or address substantive matters in the case. See *In re Disqualification of*

*Aurelius* (1996), 77 Ohio St.3d 1254, 674 N.E.2d 362. Moreover, the allegations must be substantiated and consist of something more than hearsay or speculation. *In re Disqualification of Cacioppo* (1996), 77 Ohio St.3d 1245, 674 N.E.2d 356.

{¶ 4} Here, affiants fail to provide evidence to support their inference that the alleged ex parte communication addressed substantive matters or resulted in the adverse ruling on the motion for summary judgment. To the contrary, the response of Judge O'Farrell and affidavit submitted by opposing counsel indicate that the conversation was initiated by defense counsel and addressed only procedural matters related to an upcoming hearing. The record before me is not sufficient to support a determination that the alleged ex parte communication demonstrates a bias or prejudice on the part of Judge O'Farrell that mandates his disqualification from the underlying matter.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge O'Farrell.

———————————