IN RE DISQUALIFICATION OF MCGEE.

KEYBANK NATIONAL ASSOCIATION *v*. MAZER CORPORATION ET AL.

[Cite as *In re Disqualification of McGee,*

127 Ohio St.3d 1230, 2009-Ohio-7203.]

*Judges — Affidavit of disqualification — Disqualification denied.*

(No. 09-AP-078 — Decided August 29, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Montgomery County Court of Common

Pleas Case No. 2009-CV-00124.

———————————

**MOYER, C.J.**

{¶ 1} Ronald J. Kozar, counsel for defendants Gary Adams, Mark Hoffmann, and Timothy Ludwig, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Frances E. McGee from further proceedings in case No. 2009-CV-00124 in the Court of Common Pleas of Montgomery County.

{¶ 2} Kozar alleges that Judge McGee engaged in at least four improper ex parte communications with Arthur R. Hollencamp, the attorney for Chikol Equities. Chikol is the court-appointed receiver of the Mazer Corporation. Kozar claims that three of the ex parte contacts are recounted in Hollencamp's fee statements for the services that he rendered to the receiver. Kozar contends that these bills suggest that his clients' rights to the assets at issue were adjudicated as a result of conversations between Judge McGee and Hollencamp. The fourth alleged ex parte contact occurred during a contempt hearing in February 2009 at which Kozar's clients failed to appear. Kozar maintains that his clients did not receive proper notice of the hearing and that the lack of service resulted in the February hearing improperly being conducted ex parte.

**{¶ 3}** Judge McGee has responded in writing to the concerns raised in the affidavit. She specifically denies engaging in any improper ex parte communication with Hollencamp. Rather, she maintains that her conversations with Hollencamp pertained to procedural and scheduling matters.

**{¶ 4}** Attorney Hollencamp has also filed a response. He confirms that his discussions with Judge McGee involved primarily procedural and scheduling matters. Moreover, he denies that these conversations involved any discussion regarding the defendants' rights to the assets at issue. According to Hollencamp, the subject of his conversations with the judge instead concerned his efforts to enforce the provisions of the order appointing the receiver, and not who is entitled to the assets.

**{¶ 5}** For the following reasons, I find no basis for ordering the disqualification of Judge McGee. Conversations between a judge and a court-appointed receiver do not generally fall within the prohibition against ex parte communications. Jud.Cond.R. 2.9[1] prohibits judges from engaging in communications concerning a pending or impending matter outside the presence of the parties or their lawyers. But a court-appointed receiver is not an adversarial party; rather, a receiver is appointed for the specific purpose of preserving the value of the assets at issue in the litigation. The receiver performs his duties under the control of the court that appointed him. R.C. 2735.04. And Jud.Cond.R. 2.9(A)(3) permits a judge to "consult with court staff and court officials whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities, * * * provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record and does not abrogate the responsibility personally to decide the matter." A court-appointed

---

1. Jud.Cond.R. 2.9 went into effect on March 1, 2009. Although the first ex parte contact occurred before March 1, 2009, all references are to the current rule, which is substantively identical to former Canon 3(B)(7) of the Code of Judicial Conduct.

receiver therefore qualifies as court personnel "whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities." See *Starr v. Dotsikas* (Aug. 6, 1998), 8th Dist. No. 73201, 1998 WL 456408, at 6-7.

{¶ 6} The ex parte communications between Judge McGee and Hollencamp would fall within this exception unless, through these conversations, the judge obtained evidentiary facts outside of the proceedings. Kozar, however, has not shown that Judge McGee obtained knowledge of any disputed facts through her conversations with Hollencamp. Likewise, Kozar had not shown that the judge and Hollencamp discussed any issues on the merits of the underlying case. See *In re Disqualification of Williams* (1993), 74 Ohio St.3d 1248, 1249-1250, 657 N.E.2d 1352, and *In re Disqualification of Aurelius* (1996), 77 Ohio St.3d 1254, 674 N.E.2d 362 (in order to demonstrate bias or prejudice on the part of the judge, the ex parte communication must have addressed a substantive matter in the case). Indeed, both Judge McGee and Hollencamp state that their conversations related primarily to procedural and scheduling matters. Communications of this type are permitted by Jud.Cond.R. 2.9(A)(1), which allows an ex parte communication, "for scheduling, administrative, or emergency purposes, that does not address substantive matters or issues on the merits * * *, provided the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage." id. at 1255.

{¶ 7} As to Kozar's claim that the failure to properly serve his clients resulted in the trial court conducting an improper ex parte hearing, it is well settled that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. If Kozar wished to challenge the method of service, he had other legal remedies available. But reviewing alleged legal errors is not my role in deciding an affidavit of disqualification. *In re*

SUPREME COURT OF OHIO

*Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 8}   Moreover, Kozar concedes that his clients had actual knowledge of the February hearing before its scheduled date "even if it did not result from proper service of process."   Thus, Kozar cannot now complain that the judge conducted the hearing ex parte when his clients had notice of the hearing yet chose not to appear.

{¶ 9}   As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.   Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied.   The case may proceed before Judge McGee.

_____