IN RE DISQUALIFICATION OF PANAGIS.

WHITE v. WHITE

[Cite as In re Disqualification of Panagis (1989), 74 Ohio St.3d 1213.]

(No. 88–AP–158—Decided February 13, 1989.)

MOYER, C.J.  The affidavit of disqualification was filed by defendant Janet M. White seeking the disqualification of Judge Peter J. Panagis in case No. 45133 in the Domestic Relations Division of the Court of Common Pleas of Trumbull County.

The substance of the affidavit is that affiant's husband, plaintiff Martin F. White in the captioned case, is a practicing attorney who has appeared "on occasion" before Judge Panagis, and that the judge's relationship, as a judge, with the husband, the husband's counsel, and other attorneys in the husband's law office "prevents her from obtaining a fair and impartial hearing."

In his response to these allegations, Judge Panagis denies having more than a passing acquaintance with affiant's husband, his counsel, or any other attorney associated with the husband.  Judge Panagis denies any bias, prejudice, or interest that would affect his ability to fairly and impartially preside in this case.

Section 5(d) of the Guidelines for Assignment of Judges announced by me on May 24, 1988 states: "The fact that a local attorney is a litigant should not routinely cause the sitting judge to recuse himself or herself, unless the judge's relationship with that particular lawyer justifies recusal."  There is no evidence in the record before me that any relationship exists between Judge Panagis and affiant's husband that would make recusal or disqualification necessary.

For these reasons, the affidavit of disqualification is found not well taken and is hereby dismissed.