[Cite as *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475.]

Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF CALABRESE.

THE STATE OF OHIO *v*. NAWASH.

[Cite as *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475.]

*Judges — Affidavit of disqualification — Allegation of improper ex parte communication not shown — Allegation of ethnic bias not shown, when.*

(No. 02-AP-062 — Decided June 21, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Common Pleas Court case No. 422741.

————————————

**MOYER, C.J.**

{¶1}    This affidavit of disqualification was filed by Jerome Emoff and Albert Giuliani, counsel for defendant Saleh Nawash, seeking the disqualification of Judge Anthony O. Calabrese Jr. from further proceedings regarding the above-captioned case.

{¶2}    Affiant makes two arguments in support of his claim that Judge Calabrese should be disqualified from further proceedings in this matter.  First, he asserts that Judge Calabrese engaged in an ex parte communication with the prosecutors prior to a scheduled pretrial conference in this case.  I have established a two-pronged test regarding whether an alleged ex parte communication constitutes grounds for disqualification.  This test first requires proof that the communication either was initiated by the judge or addressed substantive matters in the pending case.  *In re Disqualification of Aurelius* (1996),

77 Ohio St.3d 1254, 674 N.E.2d 362. Second, the allegations must consist of something more than hearsay. *In re Disqualification of Cacioppo* (1996), 77 Ohio St.3d 1245, 674 N.E.2d 356. Here, affiant simply speculates, without providing any evidence to support this speculation, that Judge Calabrese's encounter with the prosecutors involved an ex parte communication about the underlying case. Judge Calabrese indicates that the encounter lasted for a number of seconds, was inadvertent, and did not involve any conversation. Under the facts before me, disqualification on this basis is not warranted.

{¶3} Affiant's second contention relates to the following comments made by Judge Calabrese at a bail hearing:

{¶4} "I might add that Mr. Giuliani was alluding to a person who owns property or has family here, who has family ties here. I might indicate to you that I had the exact individual in my courtroom many years ago who was a medical doctor. I gave him a few weeks to get his affairs in order. I confiscated his passport. I had many people write to the court on behalf of him. And they are still looking for him. So the court has knowledge that the travel modes of people traveling in and out of this country are very loose, to say the least. So as far as the defendant was traveling in and out of the country, I'm not so sure that anybody would be able to say with certainty as to someone's whereabouts, especially in view of the events in the last year in this country." (Sic.)

{¶5} Affiant contends that these comments reflect bias against the defendant, who is of Arab-American descent, and relate to a defendant represented some years ago by affiant's father. However, affiant fails to provide a transcript of the bail hearing or other evidence to demonstrate the context in which this statement was made. In view of Judge Calabrese's denial of bias and his contention that these remarks were made in response to affiant's claim that retention of the defendant's passport would ensure his appearance at trial, I cannot conclude that disqualification is warranted as a result of these statements.

**{¶6}** For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Calabrese.

_____