IN RE DISQUALIFICATION OF FORSTHOEFEL.

THE STATE OF OHIO *v.* HOLSON.

THE STATE OF OHIO *v.* PEPPER.

[Cite as *In re Disqualification of Forsthoefel,* 135 Ohio St.3d 1316,

2013-Ohio-2292.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's participation in the trial of a prior cause, during which the judge acquired knowledge of the facts of the underlying case, does not require disqualification—Affidavit denied.*

(Nos. 13-AP-028 and 13-AP-029—Decided April 11, 2013.)

ON AFFIDAVITS OF DISQUALIFICATION in Ashland County Court of Common Pleas

Case Nos. 09-CRI-066 and 09-CRI-064.

————————————

**O'CONNOR, C.J.**

{¶ 1} James H. Banks, counsel for the defendants in the underlying cases, has filed two affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Ronald P. Forsthoefel from presiding over any further proceedings in case Nos. 09-CRI-066 and 09-CRI-064, now pending for a hearing on defendants' motions to withdraw their guilty pleas and vacate their convictions.

{¶ 2} Banks alleges that Judge Forsthoefel has been exposed to false, derogatory, and embarrassing information about these same defendants in other cases or from sources outside of the underlying case records. According to Banks, the county prosecutor is responsible for making most of these false statements, in an attempt to "smear, discredit and intimidate [the defendants] and present [them] in a sordid and repulsive light before Judge Forsthoefel." Because

the judge has been exposed to this information, Banks claims that he has formed a "negative opinion" of the defendants, and disqualification is necessary to avoid an appearance of impropriety.

{¶ 3} Judge Forsthoefel has responded in writing to the allegations in Banks's affidavits, explaining that he has "not been privy to any information that is not public record in the proceedings at issue." He further believes that the prosecutor's statements have not tainted his ability to make "a fair, unbiased and reasonable decision in these matters."

{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Forsthoefel.

**Judge Forsthoefel's February 13 judgment entry**

{¶ 5} Banks first claims that Judge Forsthoefel's February 13, 2013 judgment entry denying, in part, defendants' motions to withdraw their guilty pleas was not based on record evidence, and Banks further alleges that statements in the entry appear to be a result of false statements made by the prosecutor in her brief and/or of ex parte communications with the prosecutor, law enforcement officials, or former counsel in the case. The judge disagrees, claiming that his decision was "based on a review of the record of the proceedings and the facts already admitted to by the defendants."

{¶ 6} An affidavit of disqualification, however, is not the mechanism for determining whether Judge Forsthoefel properly relied on or interpreted the evidence in the record. *See In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 8. Rather, the issue in a disqualification proceeding is a narrow one: " 'The constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case.' " *Id.* at ¶ 9, quoting *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723

N.E.2d 1098 (1999). It is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The remedy for these and other legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 7} Similarly, Banks's suspicion that Judge Forsthoefel's entry may have resulted from ex parte communications is insufficient to warrant disqualification. An alleged ex parte communication constitutes grounds for disqualification when there is "proof that the communication * * * addressed substantive matters in the pending case." *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. The allegations must be substantiated and consist of something more than hearsay or speculation. *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 7. Banks speculates, without providing any actual evidence to support this speculation, that Judge Forsthoefel appears to have engaged in ex parte communications with the prosecutor and/or law enforcement officials and/or former counsel in the case. "Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

### Alleged false statements in other proceedings

{¶ 8} Banks next claims that Judge Forsthoefel has been "unnecessarily privy to and heard numerous false, selective and irrelevant allegations" from the prosecutor and other individuals in related proceedings. It is well established, however, that "a judge's participation in the trial of a prior cause, during which the judge acquired knowledge of the facts of the underlying case, does not require

disqualification." *In re Disqualification of Krichbaum*, 81 Ohio St.3d 1205, 1206, 688 N.E.2d 511 (1997). What a judge learns in his judicial capacity in a prior proceeding " 'is a proper basis for judicial observation, and the use of such information is not the kind of matter that results in disqualification.' " *State v. D'Ambrosio*, 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993), quoting *United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir.1976). In other words, because " 'evidence in the trial of a prior cause * * * do[es] not stem from an extrajudicial source,' it creates no personal bias requiring recusal." *Id.*, quoting *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976).

**{¶ 9}** Accordingly, the mere fact that Judge Forsthoefel heard the prosecutor's allegedly false and embarrassing statements about defendants in his capacity as the judge in the other civil or criminal cases does not mandate his disqualification from the underlying cases. Just as "[a] judge is presumed to follow the law and not to be biased," *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5, a judge is presumed to be capable of separating what may properly be considered from what may not be considered. Because Judge Forsthoefel avers that the prosecutor's statements in the other cases have not tainted his ability to rule fairly in the underlying cases— and because nothing else in Banks's affidavits suggests that Judge Forsthoefel has been unduly influenced by information heard in the previous cases—these presumptions have not been overcome here.

**{¶ 10}** For the reasons stated above, the affidavits of disqualification are denied. The cases may proceed before Judge Forsthoefel.

_____