IN RE DISQUALIFICATION OF RUEHLMAN.

PRUIETT ET AL. *v.* THE VILLAGE OF ELMWOOD PLACE ET AL.

[Cite as *In re Disqualification of Ruehlman,* 136 Ohio St.3d 1217,

2013-Ohio-2717.]

*Judges—Affidavit of disqualification—R.C. 2701.03—When an affidavit of disqualification is filed after a decision granting judgment, a judge should be disqualified only if the record clearly and unquestionably demonstrates a fixed anticipatory judgment on the remaining issues—Affidavit denied.*

(No. 13-AP-044—Decided May 31, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas Case No. A1209235.

_____

**O'CONNOR, C.J.**

{¶ 1}   Judd R. Uhl, counsel for defendants the village of Elmwood Place and its police chief, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Robert P. Ruehlman from presiding over any further proceedings in case No. A1209235, now pending on plaintiffs' motion for contempt and motion to file an amended complaint.

{¶ 2}   Uhl claims that Judge Ruehlman's "words and actions create an overwhelming appearance of bias and prejudice" and "convey the impression that the Judge has developed a hostile feeling or spirit of ill will and that the Judge has reached a fixed anticipatory judgment" preventing him from hearing the balance of the case.  Judge Ruehlman has responded in writing to the allegations in Uhl's affidavit, concluding that Uhl has not offered the type of compelling evidence to support his disqualification.

**{¶ 3}** For the reasons explained below, no basis has been established to order the disqualification of Judge Ruehlman.

### Judge Ruehlman's March 7, 2013 decision

**{¶ 4}** The gravamen of Uhl's affidavit is his dissatisfaction with Judge Ruehlman's March 7, 2013 decision granting judgment in plaintiffs' favor, invalidating the village ordinance that created the automated speed-enforcement program at issue, and permanently enjoining the village from enforcing the ordinance. An affidavit of disqualification, however, "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Indeed, it is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The remedy for Uhl's legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

### The judge's questioning of a hearing witness

**{¶ 5}** Uhl's affidavit also contains excerpts from a January 2013 hearing transcript showing that Judge Ruehlman questioned a witness and then attempted to summarize that witness's testimony. Uhl fails to specifically explain how these transcript excerpts demonstrate bias or prejudice, but presumably Uhl believes that the questions were improper or he disagrees with the judge's summary of the witness's testimony. For his part, Judge Ruehlman provided additional transcript pages to provide context for his questions. Regardless of the propriety of the judge's questions, "it is not within the scope of this proceeding to evaluate the trial court's compliance with Evid.R. 614, which addresses interrogation of witnesses by the court." *Solovan* at ¶ 4. Further, according to Judge Ruehlman,

Uhl did not object to the judge's questions during the hearing. "A party who fails to object at trial, but then raises an issue in an affidavit of disqualification * * * bears a particularly heavy burden * * *." *Id.* at ¶ 8. Uhl has not met that heavy burden here.

### The judge's alleged pejorative comments

{¶ 6} Finally, Uhl states that Judge Ruehlman's March 7, 2013 decision used "extremely pejorative and unnecessary language" directed at the defendants. The decision states that the village's automated speed-enforcement program hearing is "nothing more than a sham!" and that the village is engaged in "a high-tech game of **3 CARD MONTY** [sic, Monte]." (Boldface and capitalization sic.) Judge Ruehlman further wrote that the village's program was a "scam that motorists can't win," "[t]he entire case against the motorist is stacked," and the village "has another scheme up its sleeve" if the motorist attempts to argue that he or she was not the driver of the offending vehicle. According to Uhl, Judge Ruehlman also stated at a subsequent hearing that if the village violated the court's decision, "it's going to be a chauffeur service to the Justice Center."

{¶ 7} Judge Ruehlman responds by stating that he uses "colorful" language in his decisions; he explains: "when I issue a decision they're easy to understand. They may be a little colorful but they're easy to understand."

{¶ 8} Reasonable and objective observers may question whether the language used in Judge Ruehlman's opinion made it easier to understand, and these same observers may question whether the judge's tone and rhetoric were appropriate for a judicial opinion. As the Code of Judicial Conduct directs, judges should be "patient, dignified, and courteous" to litigants, lawyers, and others in an official capacity and should refrain from using words or conduct that might manifest bias or prejudice. Jud.Cond.R. 2.8(B) and 2.3(B). However, in a situation such as this, when an affidavit is filed after commencement of a hearing, after presentation of evidence, and after a decision granting judgment in favor of

3

one of the parties, a judge should be disqualified only if the record clearly and unquestionably demonstrates a fixed anticipatory judgment on the remaining issues that would undermine the absolute confidence of the public in the fairness and integrity of the proceedings. *See In re Disqualification of Nicely*, 135 Ohio St.3d 1237, 2012-Ohio-6290, 986 N.E.2d 1, ¶ 1, 8, 19 (setting forth standard for reviewing an affidavit of disqualification after a judge issues a final order and the only matter pending before the judge is a contempt motion); *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999) (setting forth standard for reviewing an affidavit of disqualification after commencement of a trial and presentation of the evidence has begun).

{¶ 9} The judge's comments here support his decision on the dispositive issue in the case—i.e., the validity of the village ordinance—but the comments alone do not convey the impression that he has reached a fixed anticipatory judgment on plaintiffs' remaining contempt motion or plaintiffs' motion to amend the complaint. More importantly, Uhl, who has the burden in this affidavit-of-disqualification proceeding, failed to set forth any argument explaining how the judge's comments demonstrate a predisposition on the remaining issues. Accordingly, Uhl has not established that the comments clearly and unquestionably demonstrate a fixed anticipatory judgment on the pending matters, and therefore disqualification based on these comments is not warranted.

## Conclusion

{¶ 10} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citations omitted.) *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

**{¶ 11}** For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed before Judge Ruehlman.

_____