[Cite as *In re Disqualification of O'Donnell,* 137 Ohio St.3d 1242, 2013-Ohio-5762.]

IN RE DISQUALIFICATION OF O'DONNELL.

THIMMES *v*. TANEFF.

[Cite as *In re Disqualification of O'Donnell,* 137 Ohio St.3d 1242, 2013-Ohio-5762.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Disqualification not warranted solely because a local attorney is a party in the action— Affidavit denied.*

(No. 13-AP-110—Decided November 22, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas Case No. 13-CV-007921.

_____

**O'CONNOR, C.J.**

{¶ 1} Plaintiff Karen G. Thimmes has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Colleen O'Donnell and all other Franklin County judges from presiding over any further proceedings in case No. 13-CV-007921, a legal-malpractice action pending in the Court of Common Pleas of Franklin County.

{¶ 2} Thimmes claims that defendant Thomas Taneff is an attorney who is "personally known" by Judge O'Donnell and other Franklin County judges and that disqualification is therefore necessary to avoid any appearance of impropriety. Judge O'Donnell has responded in writing to Thimmes's affidavit, stating that she has no personal knowledge of any party in the case and affirming that she can fairly and impartially preside over the matter.

{¶ 3} Contrary to Thimmes's contention, the fact that a local attorney is a party in an action does not create an appearance of impropriety mandating the sitting judge's removal, unless the judge's relationship with that particular lawyer

justifies disqualification. *See In re Disqualification of Panagis*, 74 Ohio St.3d 1213, 657 N.E.2d 1328 (1989). Here, Judge O'Donnell denies having any personal knowledge of Taneff, and Thimmes has not offered any evidence establishing a connection between Judge O'Donnell and Taneff.

{¶ 4} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge O'Donnell.

_____