IN RE DISQUALIFICATION OF FRAGALE.

BRUMFIELD v. BRUMFIELD.

2015-Ohio-5685.]

(No. 15–AP–061—Decided July 1, 2015.)

O'CONNOR, C.J.

{¶ 1} Joseph A. Nigh, attorney for plaintiff, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Robert D. Fragale from presiding over any further proceedings in the above-captioned divorce case, now pending for trial.

{¶ 2} Nigh claims that Judge Fragale is biased and prejudiced against plaintiff. First, Nigh avers that two days before the scheduled trial, he learned that Judge Fragale quashed a subpoena for one of plaintiff's trial witnesses after engaging in an ex parte communication with that witness. Nigh claims that the judge's decision violated plaintiff's due-process rights because plaintiff did not have an opportunity to respond to the motion to quash before the judge ruled on it. Second, Nigh alleges that Judge Fragale has improperly refused to appoint a guardian ad litem and has failed to rule on one of plaintiff's discovery motions.

{¶ 3} Judge Fragale has responded in writing to the affidavit, denying any bias or prejudice against plaintiff. Judge Fragale denies engaging in an ex parte communication with the potential witness. The judge further states that his decision to quash the trial subpoena was based on the arguments in the motion to quash and that no further hearing on the issue was necessary. Judge Fragale also explains that he denied plaintiff's motion to appoint a guardian ad litem because the parties had previously agreed to use a family-court services coordinator.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Fragale.

{¶ 5} As an initial matter, the timeliness of the affidavit warrants discussion. R.C. 2701.03(B) requires that an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside, however, "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date. *In re Disqualification of Leskovyansky*, 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Here, Nigh filed his affidavit of disqualification one day before the scheduled trial. Nigh contends, however, that the affidavit could not have been filed earlier because the prejudicial conduct occurred only two days before the scheduled trial. In light of Nigh's averments, the clerk properly accepted the affidavit for filing despite the seven-day requirement in R.C. 2701.03(B). *See In re Disqualification of Squire*, 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 3.

{¶ 6} Turning to the merits,

> [a]n alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.' *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. The allegations must be substantiated and consist of something more than hearsay or speculation.

*In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7. Here, Nigh's allegation is based on hearsay, and "[t]he hearsay allegations of the affiant will not stand in the face of an affirmative denial by the trial judge of substantive *ex parte* contacts." *In re Disqualification of Cacioppo*, 77 Ohio St.3d 1245, 674 N.E.2d 356 (1996).

{¶ 7} Additionally, it is well established that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. Thus, Nigh's disagreement or dissatisfaction with Judge Fragale's various rulings—even if those rulings are erroneous—is not grounds for disqualification. Nigh may have other remedies for his legal claims, but he cannot contest matters of substantive or procedural law in an affidavit of disqualification. *See In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Similarly, a judge's inaction on a pending motion is generally within the judge's sound discretion and is not evidence of a disqualifying interest. *See In re Disqualification of Eyster*, 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4.

{¶ 8} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presump-

tions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Nigh's allegations are insufficient to overcome those presumptions in this case.

{¶ 9} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Fragale.