In re Disqualification of Astrab.

The State of Ohio *v.* Bickerstaff.

2016-Ohio-8588.]

(No. 16–AP–064—Decided August 25, 2016.)

O'Connor, C.J.

{¶ 1} Defendant, Brenda Bickerstaff, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Michael Astrab from presiding over any further proceedings in the above-captioned criminal case.

{¶ 2} Bickerstaff claims that Judge Astrab is biased against her based on recent events in the matter. Judge Astrab has responded in writing to the

affidavit, detailing his handling of the case and denying any bias against Bickerstaff.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Astrab.

{¶ 4} First, Bickerstaff states that she recently terminated her attorney, who she claims is a close friend of the judge. Bickerstaff fears that Judge Astrab will not be fair to her because she fired his friend. In response, Judge Astrab acknowledges that Bickerstaff's former attorney is an acquaintance but further states that they have no close personal relationship. More importantly, the judge affirmatively states that Bickerstaff's termination of her former counsel will have no impact on the judge's ability to fairly and impartially preside over the case. Just as "the mere existence of a friendship between a judge and an attorney * * * will not disqualify the judge from cases involving that attorney," *In re Disqualification of Bressler*, 81 Ohio St.3d 1215, 688 N.E.2d 517 (1997), the fact that a litigant terminates her attorney—who happens to be an acquaintance of the judge's—does not require the judge's disqualification.

{¶ 5} Second, Bickerstaff claims that during an April 2016 conference, Judge Astrab threatened to revoke her bond based on allegedly improper ex parte communications that he had received from the sheriff's office. In response, Judge Astrab acknowledges that he received communications from courthouse deputy sheriffs indicating that Bickerstaff had engaged in disruptive behavior that interfered with the deputies' official responsibilities. The judge further states that after receiving this information, he disclosed the communications to counsel at the April 2016 conference and that he told counsel that he would consider revoking Bickerstaff's bond if it was determined that she had harassed a deputy sheriff. The judge adds that he ultimately did not revoke or alter the terms of Bickerstaff's bond.

{¶ 6} "An alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.'" *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. Here, Judge Astrab avers that his communications with the deputy sheriffs did not concern the merits of the case, and Bickerstaff has failed to allege or prove otherwise. Based on this record, Judge Astrab's warning to Bickerstaff regarding her alleged behavior at the courthouse does not demonstrate bias or prejudice.

{¶ 7} Finally, Bickerstaff alleges that at the April 2016 conference, an assistant prosecutor threatened to indict her son and that because Judge Astrab heard the prosecutor's threat, the judge may be a witness in the underlying case or in a potential case against her son. It is well settled, however, that a judge's

disqualification is not warranted "based solely on suppositions that the judge may be called as a witness." *In re Disqualification of Gorman,* 74 Ohio St.3d 1251, 657 N.E.2d 1354 (1993). Bickerstaff has failed to indicate why Judge Astrab's testimony would be material to the underlying case or why it could not be obtained from another source. Therefore, Bickerstaff's allegation that the judge may be called as a witness is insufficient to mandate his removal. *See In re Disqualification of Matia,* 135 Ohio St.3d 1246, 2012-Ohio-6343, 986 N.E.2d 8, ¶ 10–11.

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Astrab.