O'Connor, C.J.
*1263 {¶ 1} Michael Comella, counsel for the respondents, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Edward O'Farrell from presiding over any further proceedings in the above-referenced matter, now pending for trial.
{¶ 2} Mr. Comella claims that Judge O'Farrell engaged in improper ex parte communications and therefore should be removed from the case.
{¶ 3} Judge O'Farrell has responded in writing to the affidavit. The judge acknowledges that he made ex parte telephone calls to the three counsel of record advising them of a change in the scheduled trial date and other procedural matters. The judge also explains the circumstances that led him to call each counsel individually, rather than by joint conference call. The judge expressly denies that he had any substantive communications about the merits of the underlying case in any of those phone calls.
{¶ 4} "An alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.' " (Ellipsis in Forsthoefel .) In re Disqualification of Forsthoefel, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting In re Disqualification of Calabrese, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. Here, Judge O'Farrell avers that his telephone calls with individual counsel addressed only scheduling and procedural matters, and Mr. Comella has failed to allege or prove otherwise. Instead, Mr. Comella asserts that the judge failed to comply with Jud.Cond.R. 2.9(A)(1), which permits ex parte communications for "scheduling, administrative, or emergency purposes" as long as no party gains "a procedural, substantive, or tactical advantage as a result of the ex parte communication." Mr. Comella believes that petitioner gained a tactical advantage as a result of the judge's ex parte phone calls. But the alleged advantage, if any, *1264 resulted from Judge O'Farrell's scheduling decision-not because the judge advised counsel of the scheduling changes in ex parte phone calls. Based on this record, the judge's phone calls do not require his disqualification.
{¶ 5} The affidavit of disqualification is denied. The case may proceed before Judge O'Farrell.