O'Connor, C.J.
*1217 {¶ 1} Larry V. DiLabbio, counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Linda J. Jennings from presiding over any further proceedings in the above-referenced case, now pending for sentencing.
{¶ 2} Mr. DiLabbio claims that he recently came into possession of a photocopy of text messages allegedly written by an assistant prosecutor formerly assigned to the underlying case. According to Mr. DiLabbio, those text messages suggest that the prior prosecutor and Judge Jennings engaged in an ex parte communication and that the judge should therefore be disqualified to avoid any appearance of impropriety.
{¶ 3} Judge Jennings has responded in writing to the affidavit and denies engaging in any ex parte communication with the prior prosecutor.
{¶ 4} Mr. DiLabbio filed his affidavit of disqualification on March 2, 2018, although the next hearing in the matter was scheduled for March 7, 2018. Pursuant to R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside only "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing. In re Disqualification of Leskovyansky , 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Mr. DiLabbio avers that for various reasons, it was impossible for him to comply with the seven-day filing requirement. Although Mr. DiLabbio's explanations are questionable, an analysis of the timeliness of his affidavit is unnecessary.
{¶ 5} "An alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.' " (Ellipsis sic.) In re Disqualification of Forsthoefel , 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting In re Disqualification of Calabrese , 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. "The allegations must be substantiated and consist of something more than hearsay or speculation." Id. Here, Mr. DiLabbio's substantive allegations are based on hearsay, and Judge Jennings expressly denies engaging in any ex parte communication with the assistant prosecutor formerly assigned to the case. On this record, disqualification *11 is not warranted. See In re Disqualification of Cacioppo , 77 Ohio St.3d 1245, 674 N.E.2d 356 (1996) ("The hearsay allegations of the affiant *1218 will not stand in the face of an affirmative denial by the trial judge of substantive ex parte contacts").
{¶ 6} For these reasons, the affidavit of disqualification is denied. The case may proceed before Judge Jennings.