O'Connor, C.J.
*1218 {¶ 1} Plaintiff, C.W. O'Brien, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Daniel G. Padden from presiding over any further proceedings in the above-referenced civil case.
{¶ 2} Mr. O'Brien claims that Judge Padden has engaged in improper conduct and that for various reasons, the judge should be removed from the underlying case. Judge Padden has responded in writing to the affidavit and denies any bias against Mr. O'Brien.
{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Padden.
{¶ 4} First, Mr. O'Brien alleges that Judge Padden is personal friends with one of the defendant's attorneys. However, it is well settled that "[t]he mere allegation of a friendship between a judge and an attorney will not automatically result in the judge's disqualification from cases handled by that attorney." In re Disqualification of Ward , 100 Ohio St.3d 1211, 2002-Ohio-7467, 798 N.E.2d 1, ¶ 4.
{¶ 5} Second, Mr. O'Brien alleges that he participated by telephone in a September 2017 conference but that the defendant and his counsel appeared in person. Mr. O'Brien suggests that Judge Padden engaged in an improper ex parte communication because he allowed the defendant and his attorney into his *1219 chambers for the conference. In response, Judge Padden submitted an affidavit in which he averred that the conference occurred in January 2017 and that no ex parte communication occurred. "An alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.' " (Ellipsis sic.) In re Disqualification of Forsthoefel , 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting In re Disqualification of Calabrese , 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. "The allegations must be substantiated and consist of something more than hearsay or speculation." Id. Here, Mr. O'Brien has failed to allege-let alone substantiate-that Judge Padden addressed substantive matters with defense counsel while Mr. O'Brien was not on the telephone. Further, the judge expressly denies that any *12 improper communication occurred. On this record, disqualification is not warranted. See In re Disqualification of Cacioppo , 77 Ohio St.3d 1245, 674 N.E.2d 356 (1996) ("The hearsay allegations of the affiant will not stand in the face of an affirmative denial by the trial judge of substantive ex parte contacts").
{¶ 6} Third, Mr. O'Brien claims that he filed an affidavit of prejudice in the trial court and that the filing legally obligated Judge Padden to recuse himself. Mr. O'Brien, however, is incorrect. The mere filing of an affidavit of prejudice or affidavit of disqualification does not require a judge to recuse. Indeed, the Code of Judicial Conduct provides that a judge must "hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law." Jud.Cond.R. 2.7. Therefore, if a judge can be fair and impartial, if there is no basis to reasonably question the judge's impartiality, or if recusal is otherwise not necessary to protect the rights of litigants or preserve public confidence in the judiciary, a judge should not recuse himself or herself from a case merely because a litigant filed a disqualification request.
{¶ 7} Finally, Mr. O'Brien complains about a number of Judge Padden's legal decisions, including the judge's refusal to continue hearing and discovery dates for the time period that Mr. O'Brien would be in Florida receiving cancer treatment. In response, Judge Padden states that in October 2017, Mr. O'Brien agreed to a series of scheduling dates for the underlying case. But about seven days later, Mr. O'Brien moved for a continuance and informed the court that he would be residing in Florida through June 2018. Although Judge Padden denied the motion for a continuance, he allowed Mr. O'Brien to submit information from his treating physician. The judge further indicated that upon receipt of the medical information, he may reconsider his decision on the motion for a continuance. Based on this record, Mr. O'Brien has not established that the judge's conduct was the product of bias against him. "Trial judges are entitled to exercise discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling."
*1220 In re Disqualification of Corrigall Jones , 135 Ohio St.3d 1224, 2012-Ohio-6308, 985 N.E.2d 503, ¶ 5.
{¶ 8} The affidavit of disqualification is therefore denied. The case may proceed before Judge Padden.