O'Connor, C.J.
*1302 {¶ 1} Jon Patrick Acheson and his attorney, Konrad Kuczak, have filed affidavits with the clerk of this court pursuant to R.C. 2701.03 and 2101.39 seeking to disqualify Judge William T. Goslee from presiding over any further proceedings in the above-referenced case. Judge Goslee is the judge of the Logan County Court of Common Pleas, General Division. According to Judge Goslee, the judges of the Logan County Family Court assigned him to the underlying probate matter because of his prior involvement in related cases in his court.
*1303 {¶ 2} Mr. Acheson claims that based on Judge Goslee's personal experiences with him and his family, the judge is biased against him and unable to fairly decide *189 the underlying case, which is a dispute between Acheson family members. For example, Mr. Acheson asserts that in 1996 and 1997, the judge represented him in a proceeding against his father and that the judge "has been personally acquainted with the dynamics of the Acheson family since that time." Mr. Acheson also asserts that Judge Goslee recently made factual findings against him without conducting a proper evidentiary hearing and that the judge determined the competency of a family member based on an off-the-record, ex parte interview.
{¶ 3} Judge Goslee has responded in writing to Mr. Acheson's affidavit and details his handling of the underlying matter. The judge acknowledges that he represented Mr. Acheson in an unrelated matter in 1996 and that he is acquainted with some members of the Acheson family. The judge further states, however, that he has had no further legal involvement with the Achesons, he has no knowledge of their family dynamics, and he has never had any significant social interactions with a family member. The judge additionally notes that all parties' then counsel agreed to his recent decisions, and the judge explains the circumstances that led to his off-the-record questioning of one family member. Judge Goslee affirms that he has no preconceived positions regarding the case and that he will make decisions based on "laws, not bias in favor of anyone."
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Acheson has not established that Judge Goslee has hostility toward him combined with a fixed judgment on any issue in the underlying case.
{¶ 5} First, it is well established that a judge's "passing acquaintance" with a party does not require the judge's disqualification from cases involving that party. In re Disqualification of Panagis , 74 Ohio St.3d 1213, 657 N.E.2d 1328 (1989). Similarly, a "judge's prior representation of a party in matters wholly unrelated to a matter pending before the judge does not compel the judge's disqualification, unless there is a specific showing of actual bias on the part of the judge." In re Disqualification of Serrott , 134 Ohio St.3d 1245, 2012-Ohio-6340, 984 N.E.2d 14, ¶ 6. Here, nothing in the record suggests that Judge Goslee has the type of close personal or professional relationship with any member of the Acheson family that would cause an objective observer to question his ability to remain impartial.
*1304 Accordingly, the judge's alleged connections to the Acheson family do not warrant his removal.
{¶ 6} Second, Judge Goslee's recent adverse decisions against Mr. Acheson, without more, are not evidence of bias. See In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14 ("a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice"). Although a judge's improper ex parte communication may be grounds for disqualification, see, e.g. , In re Disqualification of Sheward , 134 Ohio St.3d 1226, 2012-Ohio-6289, 982 N.E.2d 717, Mr. Acheson has not established that any disqualifying circumstances are present in this matter.
{¶ 7} Specifically, Judge Goslee acknowledges that prior to a March 2018 proceeding, he had a brief conversation *190 with an Acheson family member about general matters not related to the underlying case. Based on that communication, among other evidence, the judge determined that the individual was not competent to handle his affairs. The judge, however, immediately advised the parties on the record about the judge's communication with the family member, and there is no indication-at least in the record of this disqualification proceeding-that any party, including Mr. Acheson, objected to the judge's conduct. " 'A party who fails to object at trial, but then raises an issue in an affidavit of disqualification * * * bears a particularly heavy burden * * *.' " (Ellipses sic.) In re Disqualification of Ruehlman , 136 Ohio St.3d 1217, 2013-Ohio-2717, 991 N.E.2d 246, ¶ 5, quoting In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 8. Moreover, Judge Goslee states that all counsel in the case-including Mr. Acheson's former attorney-agreed to the decisions made by the judge at that proceeding. If Mr. Acheson believes that Judge Goslee erred by failing to hold an evidentiary hearing or improperly relied on information outside the record, he may have other remedies, including appeal. However, Mr. Acheson has not established that the judge's conduct is a product of bias against him.
{¶ 8} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 9} The affidavit of disqualification is denied. The case may proceed before Judge Goslee.