IN RE DISQUALIFICATION OF COLLIER.

KERR BUILDINGS, INC. *v*. BISHOP.

[Cite as *In re Disqualification of Collier*, ___ Ohio St.3d ___,

2019-Ohio-3744.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to demonstrate bias or prejudice—Merits of judge's orders challenged by affiant are outside scope of disqualification proceeding—Disqualification denied.*

(No. 19-AP-068—Decided June 20, 2019.)

ON AFFIDAVIT OF DISQUALIFICATION in Henry County Court of Common Pleas Case No. 11CV0001.

_____

O'CONNOR, C.J.

{¶ 1} Third-party defendant Jeremy Kerr has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge John S. Collier from presiding over any further proceedings in the above-referenced case.

{¶ 2} Mr. Kerr claims that for various reasons, Judge Collier is biased and prejudiced against him. Judge Collier has thoroughly responded to the allegations in Mr. Kerr's affidavit and denies having any bias.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Collier.

{¶ 4} First, Mr. Kerr alleges that Judge Collier and the defendant are "drinking buddies" and that the judge engaged in an ex parte communication with the defendant or the defendant's counsel. In response, Judge Collier states that although he is acquainted with the defendant, the judge has no social relationship with him and that they have never had a drink together—in public or in private.

The judge further denies engaging in any ex parte communication with the defendant or his counsel.

**{¶ 5}** "[I]t is well established that a judge's 'passing acquaintance' with a party does not require the judge's disqualification from cases involving that party." *In re Disqualification of Goslee*, 155 Ohio St.3d 1302, 2018-Ohio-5436, 122 N.E.3d 188, ¶ 5, quoting *In re Disqualification of Panagis*, 74 Ohio St.3d 1213, 657 N.E.2d 1328 (1989). Based on this record, nothing suggests that Judge Collier has the type of close personal relationship with the defendant that would cause an objective observer to question the judge's ability to remain impartial. In addition, "[a]n alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.' " (Ellipsis sic.) *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. But "[t]he allegations must be substantiated and consist of something more than hearsay or speculation." *Id.* Offering merely speculation, Mr. Kerr has failed to establish that Judge Collier engaged in any ex parte communication about substantive matters that would require his disqualification from this case.

**{¶ 6}** Second, Mr. Kerr claims that Judge Collier has issued a series of void orders, starting with the judge's order appointing a receiver. An affidavit of disqualification, however, addresses the narrow issue of the possible bias or prejudice of a judge. It is outside the scope of this proceeding to determine whether Judge Collier had legal authority to appoint a receiver or issue similar orders. Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts. But adverse rulings, without more, are not evidence that a judge is biased or prejudiced and therefore are not grounds for disqualification. *In re Disqualification of D'Apolito*, 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5.

**{¶ 7}** Third, Mr. Kerr claims that Judge Collier has a financial interest in the outcome of the underlying case. Specifically, Mr. Kerr claims that because Judge Collier granted the receiver powers outside the scope of applicable law, the judge is "financially accountable" for any costs incurred or damages caused by the receiver. To support this proposition, Mr. Kerr cites *2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995. That decision, however, does not stand for the proposition for which Mr. Kerr cites it, and he has otherwise failed to demonstrate how Judge Collier has any financial interest in or link to the underlying case.

**{¶ 8}** The affidavit of disqualification is denied. The case may proceed before Judge Collier.

————————————