[Cite as *State v. Smith*, 2022-Ohio-4425.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-22-1034

     Appellee                                       Trial Court No.  CR0202101613

v.

Remaro Smith                                      **DECISION AND JUDGMENT**

     Appellant                                      Decided:  December 9, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Francis P. de la Serna, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Remaro Smith, appeals the judgment of the Lucas County Court

of Common Pleas, convicting him following a plea of guilty to one count of felonious

assault and one count of attempted failure to comply with an order or signal of a police

officer, and sentencing him to a total indefinite prison term of six years and two months

to eight years and eight months.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On April 29, 2021, the Lucas County Grand Jury returned a three-count indictment against appellant, charging him with two counts of felonious assault in violation of R.C. 2903.11(A)(2) and (D), felonies of the second degree, and one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(1), and (C)(5)(a)(ii), a felony of the third degree. The charges stemmed from appellant's conduct whereby he twice rammed his vehicle into another parked, occupied vehicle, and then fled, leading police on a chase that involved speeds of up to 90 miles per hour.

{¶ 3} On January 11, 2022, appellant entered a plea pursuant to *North Carolina v. Alford* to one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, and one amended count of attempted failure to comply with an order or signal of a police officer in violation of R.C. 2923.02 and 2921.331(B), (C)(1), and (C)(5)(a)(ii), a felony of the fourth degree. In exchange, the state agreed to dismiss the second count of felonious assault. Although not mentioned during the plea hearing, or in the plea form, the state concedes that as an additional part of the plea deal the state agreed to remain silent at sentencing. The trial court accepted appellant's plea, found him guilty, ordered a presentence investigation report, and set the matter for a sentencing hearing.

2.

**{¶ 4}** At the sentencing hearing, defense counsel spoke in mitigation. While acknowledging that appellant has a poor criminal record consisting of 17 prior convictions, counsel argued that for the six or seven months prior to the incident, appellant had been doing well with a strong support system. Unfortunately, on the night of the incident, a confluence of factors including appellant's lack of sleep, failure to take his mental health medications, and alcohol consumption led appellant to act irrationally. Counsel requested that the court sentence appellant on the lower range, and provide access to mental health and substance abuse services so that appellant could return to society and have a positive relationship with his wife and children.

**{¶ 5}** After counsel and appellant addressed the court, the court asked the prosecutor if he had anything to add, and the following exchange occurred:

> THE COURT: Anything from the State?
>
> [THE STATE]: Judge, simply that I believe the Defendant's record speaks for itself, and this conduct is almost a mirror of what he's been convicted of in multiple other states.
>
> (Whereupon, a discussion was held off the record.)
>
> [THE STATE]: May we approach, Judge?
>
> THE COURT: Yes.
>
> (Whereupon, a bench discussion was held off the record.)

3.

[THE STATE]: Judge, pursuant to the plea agreement, Defense counsel advised me that there was an agreement that the State stay silent, so I would ask that any statement be stricken from the record and ask the Court not to consider anything that I have said in regards to sentencing and ask the Court to proceed. Thank you.

{¶ 6} Following that exchange, the trial court addressed appellant and commented on the circumstances of appellant's offense. The court also noted that appellant was a multi-state offender, that he had several convictions for violent offenses, and that he had 17 prior felony convictions and nine misdemeanor convictions. The court then ordered appellant to serve an indefinite prison term of five to seven-and-one-half years in prison on the count of felonious assault, and 17 months in prison on the count of failure to comply. The court further ordered that those sentences must be served consecutively.

## II. Assignment of Error

{¶ 7} Appellant has timely appealed his judgment of conviction, and now raises one assignment of error for our review:

I. The trial court committed plain error and prejudiced the defendant by continuing to sentence the defendant after the prosecutor alleged facts disfavorable (sic) to the defendant when the prosecutor had agreed to remain silent.

### III. Analysis

**{¶ 8}** In support of his assignment of error, appellant argues that it was plain error for the trial court to continue to sentence appellant after the state informed the court that appellant had been convicted of offenses in multiple other states. Appellant argues that the trial court judge should have recused herself, and sentencing should have proceeded in front of a different judge.

**{¶ 9}** Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not exist unless, "but for the error, the outcome of the [proceeding] clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* Here, the record does not support a finding of plain error.

**{¶ 10}** In *State v. Shell*, 6th Dist. Sandusky No. S-19-015, 2020-Ohio-295, this court addressed a similar situation where the prosecutor spoke at sentencing despite an agreement to remain silent. In that case, the prosecutor stated that the defendant was "a drug addict with no control," and "I think there -- has to be punishment, and I think there has to be the opportunity for -- for fixing the problem so that we don't end up back here * * * * I don't know what to do, but I don't think prison is the answer." *Id.* at ¶ 5. On appeal, this court recognized that the prosecutor erred by speaking at the sentencing

5.

hearing. *Id.* at ¶ 12. Nonetheless, this court found that the error did not rise to the level of plain error "given the absence of any evidence that the trial court relied on the prosecutor's comments." *Id.* This court reasoned that the trial court rejected the prosecutor's recommendation to impose community control, and sentenced the defendant to incarceration even though it was informed by the prosecutor that it could only send the defendant to jail, not prison. *Id.* Thus, this court concluded that there was no evidence that the prosecutor's statements had any impact on the trial court, and therefore the defendant could not show plain error. *Id.*

{¶ 11} Here, there is similarly no evidence that the prosecutor's statements had any impact on the trial court's imposition of sentence. When sentencing a defendant, "a judge is presumed to be capable of separating what may be properly considered from what may not be considered." *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 433, quoting *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 9. In this case, the prosecutor was made aware of his error, and immediately requested that his comments be stricken from the record. Because the state requested the comments be stricken, we presume that the trial court did not consider them. Appellant attempts to rebut this presumption by arguing that the court did consider the statements as evidenced by the fact that the prosecutor referred to appellant's convictions in "multiple other states," and the trial court described appellant as a "multi-state offender." However, appellant's argument is unpersuasive in that appellant's

6.

criminal history was readily available to the court from the presentence investigation report.

{¶ 12} Moreover, even if the trial court did consider the prosecutor's statements, it did not constitute plain error in this case. Here, the prosecutor's statements were arguably more innocuous than in *Shell*, and only pointed out that appellant's record speaks for itself and that appellant's present conduct is similar to what he has been convicted of in other states. In addition, although the trial court passingly mentioned that appellant was a multi-state offender, the court devoted its attention to appellant's conduct in committing the offenses, and his criminal history that included 17 prior felony convictions. Based on the record, we do not find that these are exceptional circumstances where the outcome of the proceedings clearly would have been otherwise but for the error. Therefore, we hold that the trial court did not commit plain error when it continued to sentence appellant after the prosecutor spoke at the sentencing hearing.

{¶ 13} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 14} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                            JUDGE

Thomas J. Osowik, J.

                                            _____
Christine E. Mayle, J.                                      JUDGE
CONCUR.

                                            _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.